IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-40014-TLS |
| | ) | |
| RAINBOW POPCORN COMPANY, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

ORDER

      Hearing was held on May 22, 2008, in Lincoln, Nebraska, regarding Filing No. 26, Motion to Appoint Trustee, filed by ALMCO, Inc., and Filing No. 28, Response, filed by debtor. Philip Kelly appeared for the debtor, James Nisley and Jason Massaro appeared for ALMCO, Inc., and T. Randall Wright appeared for Pinnacle Bank.

      The debtors and the moving party are involved in breach of contract litigation pending in the United States District Court for the District of Nebraska. That litigation began long before the Chapter 11 petition was filed and was ready or near ready for trial when the petition was filed.

      The debtor is a company that purchases popcorn from growers and sells it to others. The movants claim to be purchasers of popcorn that was not of the quality it had been represented to be, and the movants claim significant damages. The debtor claims that it and the movants were involved in a joint venture to sell popcorn in Mexico and that the movants breached their duties to the debtor, resulting in significant damages.

      Prior to 2006, the debtor had a Nebraska grain dealer license which permitted the debtor to operate the sales business. In 2006, the debtor gave up its grain license and sold its remaining inventory of popcorn to a related entity. The debtor asserts that it received pricing information from an independent entity and priced the popcorn accordingly for the transfer to the related entity. In addition, over the years, the owners of the debtor have loaned money to the debtor for operational purposes. The loans were represented by promissory notes and most, if not all, of the notes have been paid. However, the last of the notes were paid within two years of the filing of the bankruptcy case.

      The movants have filed a motion for the appointment of a trustee asserting that the sale of the popcorn inventory to the related entity and the transfer of funds from the debtor to its owners are improper activities and reflect mismanagement for which a trustee needs to be appointed. As evidence in support of the motion, the movants assert that the price received for the popcorn inventory was approximately $120,000 less than it should have been. The movants also suggest that since the owners of the debtor held no security interest in the assets of the debtor, the payments of the notes appear to be fraudulent transfers.

      The debtors resist the motion and assert that there currently are no operations for a trustee to administer; a trustee would simply increase the expenses of the administration of the case, there are no funds available to compensate for such expense, and the owners of the business are funding the litigation between the debtor and the movants and the trustee would have no funds to continue the litigation.

11 U.S.C. § 1104(a) provides for the appointment of a trustee for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or, if cause is not found, if such appointment is in the interest of creditors.

With regard to the sale of the popcorn to a related entity, the debtors have presented evidence, in Filing No. 37, Exhibit 5, in the form of a letter to an independent party requesting the current market price of various samples of different varieties of popcorn inventory. On that letter, an employee of the independent entity filled in the price for each variety. That is the price that the debtors used for the sale to the related entity. Although the movants suggest that the individual giving the pricing information was simply a friend of the owners of the debtor and did not give the pricing information as a legitimate estimate from the independent entity, they presented no evidence to that effect.

The debtors have also presented copies of promissory notes which support their argument that the granting of loans to the business was in the ordinary course of the business and was continued for a period of at least nine years.

Neither of the grounds used by the movants for appointment of a trustee, looked at separately, arise to the level of the cause which would include fraud or gross mismanagement. Neither do they, taken together, rise to such level. Debtors have provided a reasonable explanation and evidence supporting their resistance.

Appointment of a trustee would not be in the interest of creditors. As the debtors suggest, there is no current operation, the only way the debtor will be able to get back into the operating mode is if the debtor wins the litigation and, if a trustee is appointed, the litigation will cease, at least from the debtor's point of view.

IT IS ORDERED that the Motion to Appoint Trustee, Filing No. 26, is denied. However, the activities which caused the movants to suggest a trustee should be appointed do raise some questions which would ordinarily be addressed by the appointment of an examiner under 11 U.S.C. § 1104(c). The appointment of an examiner to conduct an investigation of the debtor with regard to the activity referred to above would be considered on appropriate motion, but only if the movants agree to pay the fees of the examiner, because it does not appear that the debtor would have funds available to do so.

DATED:    May 28, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
Philip Kelly         *James Nisley
*Jason Massaro    T. Randall Wright
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.